```
STATE OF INDIANA      )         IN THE ELKHART COUNTY SUPERIOR COURT 3
                      )SS:
COUNTY OF ELKHART     )         CAUSE NO. 20D03-1504-PL-92
```

JOHN K. DREWNO and
TINA DREWNO
20474 DIAMOND SHORES DR.
CASSOPOLIS, MI 49031

      Plaintiffs,

vs.

MARVIN LUMBER AND CEDAR COMPANY, a/k/a
MARVIN WINDOWS & DOORS, INC.
801 MN-11
WARROAD, MN 56763,

QUALITY WINDOW & DOOR, INC.
27888 CR 32 West
ELKHART, IN 46517,

BIG C LUMBER CO., INC.,
as successor in interest to
MICHIANA TRUSS COMPANY
50860 PRINCESS WAY,
GRANGER, IN 46530

and

CERTAINTEED CORPORATION
803 BELDEN ROAD
JACKSON, MI 49203

      Defendants.

## AMENDED COMPLAINT

Plaintiffs John K. Drewno and Tina Drewno (together, "the Drewnos"), for their firt amended complaint against Defendants, state as follows:

### BACKGROUND

1. The Drewnos reside at 20474 Diamond Shores Drive, Cassopolis, Michigan 49031, ("the Home").

2. Defendant Marvin Lumber and Cedar Compnay a/k/a Marvin Windows & Doors, Inc. ("Marvin") is a Minnesota corporation that does business in Elkhart County, Indiana.

3. Defendant Quality Window & Door, Inc. ("Quality") is an Indiana corporation with offices in Elkhart County, Indiana and doing business in Elkhart County, Indiana.

4. Defendant Big C Lumber Co., Inc., ("Big C") is an Indiana corporation with offices in Elkhart County, Indiana and doing business in Elkhart County, Indiana.

5. Big C is the successor in interest of Michiana Truss Co., ("Michiana Truss") formerly of Dowagiac, Michigan, and is liable for the obligations of Michiana Truss.

6. Defendant CertainTeed Corporation ("CertainTeed") is a Pennsylvania Corporation with offices in Jackson, Michigan.

7. The Drewnos contracted for the construction of the Home in 2004.

## COUNT I BREACH OF AGREEMENT

8. Defendants supplied materials and services for construction of the Home, beginning in 2003.

9. The Defendants agreed to supply material and services to the Drewnos with professional skill and care. Quality supplied windows and accessories from Marvin in November of 2003. Big C supplied and installed siding from CertainTeed in June of 2004, and is the successor in interest to Michiana Truss, which supplied trusses to the Drewnos in 2004.

10. The Drewnos performed all of their obligations to Defendants, including paying for the services and materials the Defendants were to supply.

11. Defendants breached their obligations to the Drewnos by failing to properly provide, design or install the required services and materials, and by doing so proximately caused damages to the Drewnos and the Home in an amount to be proven at trial.

12. The Drewnos did not discover the Defendants' breaches until 2013, and the conditions related to the Defendants' breaches worsened in 2014 following failed attempts by Defendant Marvin to rectify the breaches.

13. The breaches included improper design and supply of windows and accessories by Marvin and Quality that allowed moisture to collect on window jambs, causing discoloration and rotting, with ongoing moisture penetration and saturation behind a weather seal.

14. Additional breaches included improper design, supply and installation of CertainTeed siding by Big C Lumber, and improperly design of trusses by Michiana Truss.

## CONCLUSION

Plaintiffs request judgment in their favor and against Defendants in an amount to be proven at trial, and all other appropriate relief.

## COUNT II NEGLIGENCE

15. The Drewnos reallege paragraphs 1 through 14.

16. The Defendants negligently provided, designed or installed the required services and materials, and by doing so proximately caused damages to the Drewnos and the Home in an amount to be proven at trial. Specifically,

17. The Drewnos did not discover the Defendants' negligence until recently.

## CONCLUSION

Plaintiffs request judgment in their favor and against Defendants in an amount to be proven at trial, and all other appropriate relief.

## COUNT III BREACH OF WARRANTY

18. The Drewnos reallege paragraphs 1 through 17.

3

19. The Defendants breached their implied warranties of habitability and to provide materials and services in a workmanlike manner to the Drewnos.

20. The Drewnos did not discover the full extent of Defendants' breaches of warranty until 2013, and gave Defendants Marvin and CertainTeed the opportunity to cure the breaches. Defendants did not do so.

21. The Defendants' breaches of warranties proximately caused damages to the Drewnos and the Home in an amount to be proven at trial.

## CONCLUSION

Plaintiffs request judgment in their favor and against Defendants in an amount to be proven at trial, and all other appropriate relief.

Dated: May 29, 2015

Shawn P. Ryan (#15832-20)
220 W. Colfax Ave., Suite 100
South Bend, IN 46601
(574) 289-0909
Attorney for Plaintiffs

4

## CERTIFICATE OF SERVICE

I certify that I served a copy of the above on the following counsel of record by U.S. Mail on May 29, 2015:

Robert Burdette Thornburg
201 N.Illinois St. #1900
P.O.Box 44961
Indianapolis, IN 46244-0961

Colin Jonathan Reilly
P.O. Box 4577
South Bend, IN 46634

Bodie Jay Stegelmann
130 N. Main Street
PO Box 575
Goshen, IN 46527-0575

Shawn P. Ryan