UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN K. DREWNO and<br>TINA DREWNO,<br><br>Plaintiffs,<br><br>v.<br><br>MARVIN LUMBER AND CEDAR<br>COMPANY a/k/a MARVIN WINDOWS<br>AND DOORS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:16-CV-226 JD<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Marvin Lumber and Cedar Company's Motion to Dismiss, or in the Alternative, to Transfer Venue. [DE 14] To summarize, Marvin asks the Court to: (1) dismiss Plaintiffs' action under Fed. R. Civ. P. 41(b) and Local Rule 41-1 for failure to prosecute; or, in the alternative, (2) dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3) or otherwise transfer it pursuant to 28 U.S.C. § 1406(a), or (3) transfer the action to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, the Court will grant Marvin's alternative request to transfer the case to the Western District of Michigan pursuant to § 1404(a).

## **BACKGROUND**

John and Tina Drewno reside in Cassopolis, Michigan, and filed a lawsuit in Elkhart County Superior Court for breach of agreement, breach of warranty, and negligence stemming from the installation of Marvin's windows and accessories in their home.[1] [DE 4; DE 5] Marvin,

---

[1] The original state court lawsuit also included three defendants other than Marvin: two Indiana corporations and one Pennsylvania corporation with offices in Michigan. [DE 5] Since filing their action,

1

a Minnesota corporation, removed the case to this Court on April 12, 2016 [DE 1], but did not submit a copy of "all process, pleadings, and orders served upon [it]," as required by 28 U.S.C. § 1446(a), until the Magistrate Judge specifically ordered Marvin to do so in his March 21, 2017, Order. [DE 13] Marvin then supplemented its Notice of Removal with these documents on March 24, 2017. [DE 15]

Between April 2016 and March 2017, nothing of substance occurred in this case. On March 9, the Court ordered the Drewnos to file a status report showing why their case should not be dismissed for failure to prosecute. [DE 10] The Drewnos' subsequent report [DE 11] failed to provide the information necessary to move the case forward, but the Court noted that Marvin's failure to file its state court pleadings along with its Notice of Removal largely prevented the Court from setting a preliminary pretrial scheduling conference or ordering the parties to meet and confer under Fed. R. Civ. P. 26(f). [DE 13]

## DISCUSSION

1. **Failure to Prosecute**

Under Fed. R. Civ. P. 41(b), a defendant may move to dismiss an action if the plaintiff fails to prosecute the case. More specifically, Local Rule 41-1 allows for the Court to dismiss an action with costs for failure to prosecute if: (1) no activity occurs for six months; (2) the Court or clerk notifies the parties that the case will be dismissed for failure to prosecute; and (3) at least 28 days have passed between the notice and dismissal. The heart of Marvin's argument for dismissal under these rules is that the Drewnos failed to show cause in response to the March 9, 2017, Order as to why the case had not moved forward. However, the Court did not subsequently

---

the Drewnos have resolved their litigation with these other defendants, leaving Marvin as the sole remaining defendant. [DE 11 ¶ 2]

find that the Drewnos failed to show cause to the level warranting dismissal for failure to prosecute. Instead, as discussed above, *Marvin*, not the Drewnos, prevented the Court from moving the case forward by failing to supplement the record with the requisite underlying state court documents upon removal. [DE 13 at 2] Without the associated process, pleadings, or orders, the Court could not set a scheduling conference or order the parties to meet and confer. *Id.* Marvin cannot complain of the Drewnos' failure to prosecute their lawsuit when its own inactions kept the case from getting off the ground.

Regardless, the standard for dismissal under Fed. R. Civ. P. 41 remains too high for the facts and procedural posture here. "The court should exercise this right sparingly and should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Salata v. Weyerhauser Co.*, 757 F.3d 695, 699 (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). In addition, the Court cannot dismiss a suit following the first transgression without exploring other options or explaining why they would not be fruitful, and must provide more than a standalone warning that the case may be dismissed for failure to prosecute. *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). Overall, on a motion to dismiss for failure to prosecute, the Court should:

> take full and careful account of the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993).

Here, consideration of these various factors weighs strongly against dismissal. First, the docket lacks any clear record of delay or contumacious conduct by the Drewnos. While more proactivity on the Drewnos' part may have been helpful, they did not commit repeated or substantial violations of Court deadlines. Indeed, the Court had not even issued a pretrial schedule because Marvin removed the matter from state court without attaching the required process, pleadings, and orders. Furthermore, when taking into account the lack of activity in this case, the delay has neither disrupted the Court's calendar nor prejudiced litigants with other matters pending before it. Finally, Marvin does not argue that the delay in this case has prejudiced it in any way. For these reasons, the Court will refrain from dismissing the action for failure to prosecute.

### 2. Venue is Proper in the Northern District of Indiana

Marvin requests alternatively that the Court either dismiss the case under Fed. R. Civ. P. 12(b)(3) or transfer it to the Western District of Michigan pursuant to 28 U.S.C. § 1406(a). The Court will deny both of these requests for the same reason: venue is proper in the Northern District of Indiana.

In cases that have been removed from state court, the removal statute governs venue, not the general venue statute. *Travel Supreme, Inc. v. NVER Enters., Inc.*, No. 3:07-cv-194, 2007 WL 2962641, *7 (N.D. Ind. Oct. 5, 2007) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953)). Under § 1441(a), an action pending in state court may only be removed to the federal district court "for the district and division embracing the place where such action is pending." Here, the lawsuit originated in Elkhart County Superior Court, in Elkhart County, Indiana. Only one federal district court "embraces" Elkhart County: the United States District

4

Court for the Northern District of Indiana, and more specifically, its South Bend division. Thus, Marvin removed the state court action to the proper venue in accordance with § 1441(a).

Transfer under § 1406(a) is not available for a removed case, and so, because Marvin removed the case to the only proper venue, it cannot seek to transfer the case pursuant to that provision. *Travel Supreme*, 2007 WL 2962641, *7 (collecting cases and holding that where defendant invoked § 1441 to remove state court action to proper federal venue, it could not then utilize § 1406(a) to transfer case). After all, transfer under § 1406(a) applies to cases "laying venue in the wrong division or district," but as noted above, venue is proper in this Court for this removed action. Therefore, the Court will deny Marvin's alternative requests to dismiss the case under Fed. R. Civ. P. 12(b)(3) or transfer the case pursuant to 28 U.S.C. § 1406(a).

### 3. Transfer Under 28 U.S.C. § 1404(a)

While Marvin cannot transfer the case under 28 U.S.C. § 1406(a), the above analysis does not prohibit Marvin from seeking to transfer the action to the Western District of Michigan under the doctrine of *forum non conveniens* as codified in § 1404.

Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…." The statute codifies a district court's power to transfer an action based on the common law doctrine of *forum non conveniens*. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1190-91 (2007). District courts have more discretion under § 1404(a) than they had under the doctrine of *forum non conveniens*. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 264-65 (1981) (citations omitted). In exercising discretion to transfer under § 1404(a), district courts employ a "flexible and individualized analysis." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Heller Fin., Inc. v.*

5

*Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

In considering motions to transfer under § 1404(a), the Court should consider: (1) whether venue is proper in the transferor district; (2) whether venue and jurisdiction are proper in the transferee district; and (3) whether the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *See Stewart Org.*, 487 U.S. at 29-31; *Travel Supreme*, 2007 WL 2962641, *8. As discussed above, venue is proper in this Court. Venue is also proper in the Western District of Michigan because all of the alleged events giving rise to the claims against Marvin took place there as well. *See* 28 U.S.C. § 1391(b)(2).

Next, in addressing the convenience of the parties and witnesses and the interests of justice, the Court should consider the following, depending on the facts of each case: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the convenience of the parties; (4) the convenience of non-party witnesses; (5) the court's power to compel the appearance of unwilling witnesses and the costs of obtaining attendance of witnesses; (6) the location of physical evidence; (7) the relative familiarity of the courts with the applicable law; (8) the relationship between the forum community and the subject of the litigation; (9) the congestion of the respective court dockets; and (10) whether transfer would facilitate consolidation of cases. *Advance DX, Inc. v. Health Point Diagnostix, Inc.*, No. 1:12-CV-0756, 2013 WL 3782026, at *4 (S.D. Ind. July 17, 2013). While evaluating these factors, the Court must keep in mind that the moving party bears the burden of establishing the transferee court as the more convenient forum. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Weighing the factors for and against transfer is committed to the discretion of the trial court. *Id.* at 219.

The facts of this case blur several of the relevant considerations together. Yes, the Drewnos affirmatively chose to litigate in Indiana (albeit in state court). However, the Drewnos' underlying state lawsuit originally named three defendants apart from Marvin: two Indiana corporations and one Pennsylvania corporation. [DE 5] Those other three defendants have since been dismissed. So, while it may have made sense to file a state court action in the state of incorporation for two of the four initial defendants, this Court has now inherited a lawsuit brought by Michigan residents, against a Minnesota corporation that allegedly does business in Indiana – an allegation Marvin denies – for damages arising from faulty installation of windows in their Michigan home. Notably, "when the wrongful conduct complained of takes place almost entirely outside of the chosen forum, the plaintiff's choice of forum loses much of its ordinary importance." *IP Innovation L.L.C. v. Lexmark Int'l, Inc.*, 289 F. Supp. 2d 952, 955 (N.D. Ill. 2003) (citing *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)). According to the pleadings, all of the alleged wrongful conduct here occurred in the Western District of Michigan; none of it is alleged to have occurred in Indiana. Thus, it follows that the current forum, the Northern District of Indiana, has no relationship with the subject of the litigation. These considerations weigh in favor of transfer.

In addition, transferring the case to the Western District of Michigan will not impose an inconvenience on the parties. Indeed, the Drewnos *live* in that forum, and the Court does not consider their proximity argument persuasive. The difference in distances from the Drewnos' residence to the Kalamazoo, Michigan, courthouse versus the South Bend courthouse can at best be described as negligible; if the Court transferred this case to the Western District of Michigan, the Drewnos would only be required to travel an additional 22.5 miles to court. [DE 16 at 4] *Cf. Houck v. Trans World Airlines, Inc.*, 947 F. Supp. 373, 376 n. 7 (N.D. Ill. 1996) (citing strong

public interest in transferring case to the Eastern District of New York to resolve matter near the situs of material events while denying defendant's request to transfer the case to a courthouse in the Southern District that sat thirty to forty miles closer to many potential parties and witnesses). Meanwhile, Marvin would be no more inconvenienced by having to travel to the Western District of Michigan as opposed to the Northern District of Indiana; the two venues lie roughly equidistant from Minnesota.

A comparison of the two district courts' dockets further indicates that a transfer would be in the interest of resolving the parties' disputes more quickly while preserving judicial economy. The Federal Court Management Statistics for the period between March 2016 and March 2017 reveal that the Western District of Michigan has approximately half as many pending cases on its docket (1,529) as does the Northern District of Indiana (3,026). And, perhaps relatedly, the Western District of Michigan processes its civil cases at a median rate of 8.2 months, from filing to disposition, while the Northern District of Indiana processes its civil matters over 22.5 months. The differences in caseloads and disposition times between the two forums at issue here weigh in favor of transfer. *See Travel Supreme*, 2007 WL 2962641, *11 (comparing Federal Court Management statistics between dockets in considering whether transfer would be in the interest of justice); *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 947 (N.D. Ill. 2002) (granting motion to transfer under § 1404 to a district with a lighter caseload).

Therefore, upon weighing the present facts and relevant considerations, the Court concludes that a transfer of this case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a) would be appropriate.

**CONCLUSION**

For the reasons outlined above, the Court hereby **GRANTS** in part and **DENIES** in part Marvin's Motion to Dismiss, or in the Alternative, to Transfer Venue. [DE 14] It is hereby **ORDERED** that:

Marvin's request to dismiss for failure to prosecute be **DENIED;**

Marvin's request to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) be **DENIED;**

Marvin's request to transfer pursuant to 28 U.S.C. § 1406(a) be **DENIED;** and

Marvin's request to transfer pursuant to 28 U.S.C. § 1404(a) be **GRANTED.**

This case is hereby **TRANSFERRED** to the United States District Court for the Western District of Michigan.

SO ORDERED.

ENTERED: November 7, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court